SUMMARY ORDER

Wenhang Chen and Wenquan Chen, natives and citizens of the People’s Republic of China, seek review of an October 28, 2008 order of the BIA affirming the October 24, 2006 decision of Immigration Judge (“U”) Gabriel C. Videla denying then* applications for withholding of removal and relief under the Convention Against Torture (“CAT”). In re Wenhang Chen and Wenquan Chen, No. A98 129 779/A98 182 221 (BIA Oct. 28, 2008), aff'g No. A98 129 779/A98 132 221 (Immig. Ct. N.Y. City Oct. 24, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
As an initial matter, we lack jurisdiction to consider Petitioners’ challenge to the IJ’s denial of their request for CAT relief because Petitioners failed to exhaust that claim on appeal to the BIA. See 8 U.S.C. § 1252(d)(1); Karaj v. Gonzales, 462 F.3d 113, 119 (2d Cir.2006). petition for review is dismissed to that extent.
When the BIA issues an opinion that fully adopts the IJ’s decision, this Court reviews the IJ’s decision. See Chun Gao v. Gonzales, 424 F.3d 122, 124 (2d Cir.2005). We review the agency’s findings of fact under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). We review de riovo questions of law and the application of law to undisputed fact. See Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
In order to demonstrate eligibility for withholding of removal, an applicant must *452 establish that his life or freedom would be threatened in the proposed country of removal on account of race, religion, nationality, membership in a particular social group or political opinion. 8 C.F.R. § 1208.16(b). Petitioners claim that they were persecuted and face future persecution based on their opposition to local village officials. The agency found that they failed to demonstrate the requisite nexus to a protected ground.
This Court has found that “opposition to endemic corruption or extortion, no less than opposition to other government practices or policies, may have a political dimension when it transcends mere self-protection and represents a challenge to the legitimacy or authority of the ruling regime.” Yueqing Zhang v. Gonzales, 426 F.3d 540, 547-48 (2d Cir.2005). Thus, in order to show that Petitioners’ opposition to the village leaders’ alleged corruption was politically motivated, they were required to demonstrate that they were challenging not just the village leader and the other officials whose actions were corrupt, but also the institution within which those officials operated. See id. As the agency found, Petitioners made no such showing. Indeed, the BIA pointed out that Petitioners offered “no evidence that they were targeted on account of a protected ground” and that their conflict with the village chief and his son was no more than a personal dispute. Additionally, Petitioners are not entitled to withholding of removal based on any fear that they will be persecuted for assaulting the son of the village chief or subsequently escaping detention as it is well-established that punishment for violation of a generally applicable criminal law is not persecution. See Saleh v. U.S. Dept. of Justice, 962 F.2d 234, 239 (2d Cir.1992). Thus, the agency properly determined that Petitioners failed to establish that it is more likely than not that their lives or freedom would be threatened on account of a protected ground. See 8 C.F.R. § 1208.16(b). Because this finding is dis-positive of their claims, we need not consider Petitioners’ challenge to the agency’s adverse credibility determination.
For the foregoing reasons, the petition for review is DENIED, in part, and DISMISSED, in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).